FILED
SUPERIOR COURT
OF GUAM

2023 NOV 17 PM 1:54

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0212-23** |
| | GPD Report No. 23-14159 |
| v. | |
| | **DECISION AND ORDER** |
| **KATHERINE LEILANI ATAD NEMECHECK,** | **DENYING DEFENDANT'S** |
| DOB: 08/21/1992 | **MOTION TO DISMISS** |
| | **DUE TO CIVIL COMPROMISE** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 25, 2023 for hearing on Katherine Leilani Atad Nemecheck's ("Defendant's") Motion to Dismiss Due to Civil Compromise ("Motion"). Assistant Attorney General Matthew Shuck represents the People, and Assistant Public Defender Jocelyn Roden represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Family Violence (as a Misdemeanor) after allegedly punching her sister, Melanie Jane Cabrera ("Victim"), and striking Victim with several household items. See Magistrate's Complaint (Jun. 7, 2023).

On September 6, 2023, Victim filed a Declaration stating that she received satisfaction for her injuries sustained, that she does not object to dismissal of the case, that she has no restitution claims against Defendant, and that she would like to waive prosecution of the Family Violence charge against Defendant. See Declaration of Victim (Sep. 6, 2023).

The Defendant simultaneously filed her Motion to Dismiss Due to Civil Compromise. Defendant requests dismissal of the charge against her, claiming full compliance with the misdemeanor compromise provisions set forth in 8 G.C.A. § 80.90. See Motion at 2-3 (Sep. 6, 2023).

Decision and Order Denying Defendant's Motion to Dismiss Due to Civil Compromise
CM0212-23, *People of Guam v. Katherine Nemecheck*
Page 1 of 4

On September 18, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People oppose dismissal on grounds that (i) Victim suffered no civil injury coextensive to Defendant's criminal conduct, (ii) private settlement would not fully vindicate the injury to the public, and (iii) dismissal would go against the purpose of Guam's Family Violence Treatment Court. See Opposition at 3-5 (Sep. 18, 2023).

The Court held a hearing on October 25, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Title 8 G.C.A. § 80.90 provides that:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense *may* be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court *may*, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

See 8 G.C.A. § 80.90 (emphasis added). Section 80.90 is based on California Penal Code sections 1377 and 1378. Id. Section 80.90 also makes clear that dismissal on grounds of compromise is done at the Court's discretion. Id.

Several factors are considered when the Court exercises its discretion, including: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. See *People v. Moulton*, 182 Cal. Rptr. 761, 767-768 (Cal. Ct. App. 1982).

Regarding factor one, an injury is coextensive with the criminal violation if "there is an overlapping of the civil remedy and the public remedy by way of prosecution for a crime." See *People v. O'Rear*, 34 Cal. Rptr. 61, 63 (Cal. Ct. App. 1963). This required overlap prevents people suffering

Decision and Order Denying Defendant's Motion to Dismiss Due to Civil Compromise
CM0212-23, *People of Guam v. Katherine Nemecheck*
Page 2 of 4

only "incidental damage" from obtaining dismissal orders covering the criminal case as a whole. Id. at 63.

Here, Victim's injury is not coextensive with the criminal violation. Family Violence is defined as "attempting to cause or causing bodily injury to another family or household member." See 9 G.C.A. § 30.10(a)(1). Whether the victim actually suffers bodily injury is not required in Family Violence prosecutions, so long as the attempt to cause bodily injury exists. Id. Family Violence may be committed with or without injury to the person or property of another. The Legislature's intent in enacting 8 G.C.A. § 80.90 was not to dismiss cases via compromise "upon the happenstance that in any particular case a private citizen might or might not suffer personal injury or property damage." See *People v. O'Rear* at 64. This factor points against dismissal.

Regarding factor two, courts consider whether "the private wrong... overshadow[s] the offense against the public." See *Commonwealth v. Heckman*, 113 Pa. Super. 70, 74 (Pa. Super. Ct. 1934). A victim's harm does not automatically overshadow the public's harm just because the victim directly suffered from the defendant's actions. Id. at 74 (finding that embezzlement's harmful public effects are not overshadowed by harm to the specific embezzlement victim themselves).

Here, private settlement does not fully vindicate the injury to the public. Family Violence has a profound effect not just on the victims themselves, but also on their friends, loved ones, and family relationships. The painful effects of family violence run far beyond specific victims, and the importance of safe family relationships is of such public interest that everyone is affected when the crime of Family Violence occurs. Furthermore, permitting civil compromise in Family Violence cases creates significant risk that victims will be improperly coerced into settlements. Recognizing that Family Violence victims are uniquely susceptible to such coercion, the California Penal Code, which 8 G.C.A. § 80.90 is based on, doesn't even allow civil compromise dismissals in family violence cases. See CA Penal § 1377(e). Taken together, this factor points against dismissal.

Decision and Order Denying Defendant's Motion to Dismiss Due to Civil Compromise
CM0212-23, *People of Guam v. Katherine Nemecheck*
Page 3 of 4

Regarding factor three, it is undisputed that the victim acted voluntarily in entering this settlement agreement. See Declaration of Victim (Sep. 6, 2023).

Having analyzed all three *Moulton* factors, the Court, in its discretion, will not dismiss the above-captioned case on grounds of civil compromise. Two factors point against dismissal while only one points in favor. Several highly important considerations such as a lack of overlap between civil and public remedy and the harmful effects to the public justify the Court not dismissing this case.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The case will not be dismissed despite the Defendant's and Victim's claimed settlement.

**IT IS SO ORDERED** this <u>Nov. 17, 2023</u>.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, POSC

Date: 11/17/23 Time: 2:01pm

Antonio Q. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss Due to Civil Compromise
CM0212-23, *People of Guam v. Katherine Nemecheck*
Page 4 of 4